NOT DESIGNATED FOR PUBLICATION

No. 128,411

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALLEN DALE ALIFF,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID DAHL, judge. Opinion filed October 10, 2025.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., HURST, J., and JACOB PETERSON, District Judge, assigned.

PER CURIAM: Allen D. Aliff appeals the district court's revocation of his probation
and imposition of his underlying 33-month prison term. This court granted Aliff's request
for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R.
at 48), to which the State responded. After reviewing the record and finding no error, this
court affirms the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 2020, Aliff was arrested on an outstanding warrant. In the search
of his person and vehicle pursuant to arrest, officers found drugs, drug paraphernalia, and
a billy club in the car. The state charged Aliff with multiple counts, and he later entered

1

into a plea agreement in which he agreed to plead guilty to one count of possession of methamphetamine and one count of aggravated weapons violation by a convicted felon. Under the plea agreement, the State agreed to recommend the lower range of the sentencing guidelines with the sentences to be served consecutively to each other and other preexisting charges as well as a dispositional departure to probation.

At the sentencing hearing in June 2022, the district court noted that because Aliff was on probation for a felony at the time he committed the present crimes, the district court could apply Special Rule No. 9 to impose consecutive sentences and the court had authority to impose imprisonment even if the guidelines presumed probation. Ultimately, the district court imposed a 33-month prison sentence, which it suspended in lieu of 12 months of probation.

Unfortunately, Aliff did not complete the 12-month probation term without incident. At a probation violation hearing on March 23, 2023, Aliff stipulated to failing to report to his probation officer and committing two counts of interference with law enforcement. Based on Aliff's stipulations, the district court extended his probation by an additional 12 months, imposed a 60-day intermediate jail sanction, and added conditions to his probation. About eight months later, the State yet again alleged Aliff violated his probation. At the probation violation hearing on June 27, 2024, Aliff stipulated to violating his probation by failing a urinalysis and failing to report to his probation officer and entered a no-contest admission to failing to complete the batterer intervention program. The district court extended Aliff's probation an additional 12 months to June 27, 2025; imposed a 3-day intermediate jail sanction; required Aliff to enter a residential program; and required completion of a 1-day domestic violence course.

Yet again, Aliff failed to remain compliant, and on November 1, 2024, he stipulated to violating the conditions of his probation by testing positive for methamphetamine and shoplifting. After the district court found Aliff violated the terms

of his probation, the parties presented argument regarding disposition. The State requested the district court revoke Aliff's probation and the intensive supervision officer (ISO) recommended revocation citing Aliff's commission of a new crime of shoplifting. Aliff argued for the reinstatement of his probation, citing his struggle with addiction and desire to complete treatments that would be unavailable if he was required to serve the underlying sentence.

The district court considered the leniency it had given Aliff at sentencing and the numerous chances and leniency in prior probation revocation proceedings. The court explained:

> "We all hoped that it was going to work out, and I gave you the benefit of the doubt when I sentenced you, and I gave you the benefit of the doubt on a couple of more instances when I gave you a 60-day sanction instead of revoking and imposing during warrants in 2023 and the new warrant of 2024. I gave you the benefit of the doubt and kept you on probation and just imposed a 72-hour sanction."

The district court revoked Aliff's probation and imposed his underlying prison sentence. Aliff appealed.

### DISCUSSION

Aliff claims the district court abused its discretion when it revoked his probation and imposed his underlying sentence. Aliff argues that his substance use is best handled through treatment that he can obtain on probation, and thus the district court should have continued his probation.

After the State proves the defendant violated their probation, the district court has discretion, unless otherwise limited by statute, to impose a sanction. One such sanction includes revocation of probation and imposition of the underlying prison sentence. *State*

*v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351, 352 (2022). Therefore, this court reviews the district court's disposition decision for an abuse of discretion. *Tafolla*, 315 Kan. at 328. A court abuses its discretion when its decision is based on an error of law or fact, or if its decision is arbitrary, fanciful, or unreasonable. 315 Kan. at 328.

Aliff does not claim the district court made an error of law or fact. Accordingly, this court must determine whether the district court's decision was arbitrary, fanciful, or unreasonable. At the probation revocation hearing, Aliff argued he would be unable to receive substance use treatment while in prison, and thus the district court should continue his probation. Additionally, Aliff argued the new crime he committed while on probation did not make him a community risk, so he could safely remain on probation.

Generally, under the applicable statutory scheme, when a defendant violates the terms of their probation, a district court must first impose intermediate jail sanctions before revoking the defendant's probation. K.S.A. 22-3716(c)(1)(C). However, when a defendant is given probation as a dispositional departure—which is what occurred here—and later violates their probation, the district court may revoke that probation without first imposing an intermediate sanction. K.S.A. 22-3716(c)(7)(B). Additionally, when a probationer commits a new crime while on probation, the district court may revoke the probation without first imposing an intermediate sanction. K.S.A. 22-3716(c)(7)(C). Aliff stipulated that he committed the crime of larceny while on probation, and the district court's journal entry indicated that it revoked Aliff's probation based on that condition, among other things.

Prior to revoking Aliff's probation, the district court had twice found that Aliff had violated the terms of his probation and imposed intermediate jail sanctions rather than revoking his probation. After receiving multiple chances to successfully complete probation, Aliff once again stipulated to additional probation violations—including committing the new crime of larceny. Although reasonable people could disagree about

4

whether to reinstate Aliff's probation and allow him to receive treatment for his substance use issues, this court cannot say no reasonable person would agree with the district court's decision. It does not appear that continued probation would inspire Aliff to reform or produce a different result. Accordingly, Aliff failed to demonstrate that the district court abused its discretion in revoking his probation and imposing the underlying sentence.

Affirmed.